culty was not the test, but that the dower right was to be considered as a mortgage and be enforced as such, and not by actual admeasurement. The case of Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, is cited for this. It is true, however, that in that case there was a peremptory power of sale of the realty in the will, thus converting it into personalty, and the division share and share alike among the wife and children directed by that will was not of the realty but of the proceeds of the sale thereof, and hence the practical difficulty of setting off one-third of the realty to the wife by metes and bounds and still carrying out the will was not presented at all; but nevertheless the said decision in Closs v. Eldert must be deemed authoritative by a trial judge.

Judgment for the plaintiff.

(32 Misc. Rep. 647.)

## NAUL et al. v. NAUL et al.

(Supreme Court, Trial Term, Kings County. November, 1900.)

APPEAL AND ERROR—AMENDMENT OF RECORD—STRIKING OUT EXCEPTIONS.

Where plaintiffs have prevailed on the trial, and the appeal is from an order granting defendants a new trial on the minutes, exceptions taken by plaintiffs on the trial to the admission and exclusion of evidence may be stricken out.

Action by Eliza Walker Naul and others against Henry S. Naul and others. Settlement of case on appeal from an order of the trial judge setting aside a verdict for plaintiffs, and granting a new trial on the judge's minutes.

George H. Culver, for plaintiffs.
James C. Church, for defendants.

GAYNOR, J. The proposed amendments of the defendants (respondents) striking out the statement of the exceptions taken by the plaintiffs (appellants) on the trial to the admission or exclusion of evidence are allowed. The plaintiffs having prevailed on the trial, their exceptions are now of no use, and the statements of them in the appeal record would be mere verbiage. The motion on the minutes by the defendants for a new trial was granted, and this is an appeal from that order. The case must contain all of the evidence, and any exceptions by the defendants which they may deem important, as the motion may have been granted on such exceptions. But it could not have been granted on the plaintiffs' exceptions.

Case settled accordingly.

(54 App. Div. 115.)

## QUEENS COUNTY v. PETRY et al.

(Supreme Court, Special Term, Queens County. July 2, 1900.)

1. BOARD OF SUPERVISORS—POWERS—STATUTORY CONSTRUCTION.

Laws 1899, c. 74, § 3, transferred the legislative and administrative powers of the board of supervisors of Q. county to the municipal assembly and administrative department of the city of N., but it was provided that such board should continue to exercise such powers to

January 1, 1900. Laws 1899, c. 416, extended the powers of the board given by such statute till April 1, 1900. *Held*, that such statutory powers of the board continued till April 1, 1900, since the reference to the powers given by Laws 1899, c. 74, § 3, is to be construed to mean the powers given by former statutes and extended by such act.

2. SAME—POWER OF LEGISLATURE TO TAKE AWAY STATUTORY POWERS.

The legislature may take away the statutory powers of the board of supervisors, although the board exists by virtue of a constitutional provision.

Suit by the county of Queens against John W. Petry and others. Injunction denied.

This action was brought to restrain officials of the city of New York from taking the roof off the county court house of Queens county, and doing other repairs thereon, on the ground that that building was under the control of the board of supervisors.

Scudder & Coale, for plaintiff.
John Whalen, for defendant.

GAYNOR, J. The county of Queens was included in section 1586 of the charter of the city of New York by amendment in 1899. Laws 1899, c. 74, § 3. Thereby all powers of local legislation and administration which its board of supervisors possessed purported to be transfered to the municipal assembly and the administrative departments of the city; for such powers were not excepted by such section for being vested in such board by the act cited by its title in said section. The act so cited is chapter 378 of the Laws of 1897, which did not embrace Queens county. At the end of the said section of the charter, it was, however, provided that the said board of supervisors should continue to exercise their duties until January 1, 1900, and a subsequent statute of the same year (chapter 416, Laws 1899) extended this time to the end of their term as supervisors, viz., until April 1, 1900. This latter statute says the powers "given" to the said board of supervisors by the said charter section are so extended, and as it "gives" no powers, it is argued that it does not extend the time to exercise any powers. But the word "given" must refer to the powers mentioned in the said section, and thus all of such powers are meant. It follows that the said board was deprived of all its statutory powers on April 1, 1900, at which time they devolved on the said municipal assembly and administrative department of the city. The suggestion that the legislature could not take away from the said board its purely statutory powers, because it could not abolish such board, it being a constitutional body, is without force. The legislature has always had the undoubted right to take away statutory powers of boards of supervisors, as well as add to them. Any powers prescribed to the said board by the constitution it still has, as the legislature has not yet transferred such powers to the municipal assembly, as permitted by the amendment of section 26 of article 3 of the constitution, which took effect January 1st, 1900. As the facts are undisputed, counsel may, if they wish, turn this motion into a trial and present findings.

The motion for an injunction is denied.